**ALD-368**                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1955
_____

DARREN TALBERT,
Appellant

v.

COMMONWEALTH OF PENNSYLVANIA; DELAWARE COUNTY, PA;
JOHN J. WHELAN, District Attorney, Delaware County, PA;
MARY A. BRENNAN, Judge, Delaware County Court of Common Pleas, PA;
MICHAEL MATTSON, Assistant District Attorney, Delaware County, PA;
SHAKA JOHNSON, Defense Attorney, Phila., PA;
TODD M. MOSSER, Defense Appellant Attorney, Phila., PA;
D. DANIEL WOODY, Assistant District Attorney, Delaware County, PA;
AMATO SANITA, Defense Attorney, Phila., PA;
ANTHONY E. STENFENSKI, Defense Attorney., Phila., PA;
KRISTINE A. MCALEER, Undercover Police Agent, Upper Darby Township, PA;
TIMOTHY BERHARDT, Undercover Police Agent, Upper Darby Township, PA;
JOHN NEWS, Undercover Police Agent, Upper Darby Township, PA;
BRAD A. ROSS, Police Agent, Upper Darby Township, PA;
JEFF DIETZ, Pennsylvania State Trooper, Pennsylvania State Police Crime Lab;
CHRISTINE BRENNAN, Ballistics Expert, Pennsylvania State Police Crime Lab;
CECILA CACCIOLA, Manager, Lima Regional Laboratory, Middletown, PA;
IRENA B. ELESHKOVITCH, Forensic Scientist (II), Lima Regional Laboratory,
Middletown, PA; ALICE MARLIN, Forensic Scientist (I), Lima Regional Laboratory,
Middletown, PA;JOHN/JANE DOE, Alleged Confidential Informant,
Employed by Upper Darby Township Police Dept., Upper Darby Township, PA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:16-cv-01041)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or

Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 4, 2016

Before: AMBRO, SHWARTZ and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 9, 2016)
_____

OPINION[*]
_____

PER CURIAM

Darren Talbert appeals the District Court's dismissal of his complaint. We will summarily affirm.

I.

In February 2016, at the earliest,[1] Talbert filed a complaint accusing some 20 defendants of various civil rights and tort violations arising out of his 2012 arrest and subsequent criminal prosecution in Delaware County, Pennsylvania. Talbert alleged false arrest, malicious prosecution, unlawful conviction, imprisonment based on false evidence, and intentional infliction of emotional distress. He sought damages and other relief, relying on federal civil rights and racketeering laws, as well as state-law provisions for intentional infliction of emotional distress. The defendants included prosecutors, defense attorneys, law-enforcement officials, a judge, the Commonwealth of Pennsylvania, and Delaware County.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Talbert, a state prisoner, signed his complaint February 24, 2016; it was received by the District Court on March 3, 2016. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

The District Court dismissed the case with prejudice, pursuant to the screening provisions of 28 U.S.C. § 1915, determining that most of Talbert's claims are barred because his convictions have not been invalidated, that his allegations did not state a claim, that his complaint is barred by the statute of limitations, and that his state claims could not be brought alone in federal court after his other claims were dismissed. Talbert sought reconsideration, and the District Court denied the motion. Talbert appeals.[2]

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. In considering a dismissal pursuant to the screening provisions of 28 U.S.C. § 1915, we exercise de novo review. See, e.g., Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Generally, our review of an order denying a motion for reconsideration is for an abuse of discretion, but to the extent the denial is based on the interpretation or application of law, our review is plenary. See Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985). We may summarily affirm the District Court's rulings if there is no substantial question presented on appeal. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

The District Court concisely identified the grounds for dismissing Talbert's complaint, and we will affirm for substantially the same reasons. As the District Court concluded with regard to Talbert's civil rights claims asserting that the defendants

---

[2] In his notice of appeal, Talbert only specified the order dismissing his complaint. However, he attached to his notice of appeal both the order dismissing his complaint and the order denying reconsideration. We will treat his appeal as challenging both orders.

falsified evidence, conspired to deprive him of a fair trial, or otherwise violated his constitutional rights in a way that led to his convictions and imprisonment, Talbert must first succeed in having his convictions set aside before he can seek relief on these claims. The Supreme Court has held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can show that the conviction or sentence has been invalidated. Heck v. Humphrey, 512 U.S. 477, 487 (1994). Talbert has made no such showing here.

To the extent Talbert's civil rights claims do not implicate Heck, we agree with the District Court that they are time barred under the applicable Pennsylvania statute of limitations. In addition, the District Court did not err in declining to exercise supplemental jurisdiction over Talbert's state law claims once it dismissed his other claims. See 28 U.S.C. § 1367(c)(3). Talbert's remaining federal claims do not warrant further discussion beyond the District Court's opinion.

Finally, Talbert sought reconsideration based on his pro se status, his imprisonment, and his lack of understanding of the law. The District Court denied the motion and maintained that Talbert could not cure his complaint by amendment. Because Talbert did not demonstrate any basis for granting the motion, such as an intervening change in controlling law, new evidence, or the need to correct clear error of law or fact or prevent manifest injustice, the District Court did not err in denying the motion. See Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

IV.

4

For the above reasons, we will affirm the District Court's orders dismissing Talbert's complaint and denying his motion for reconsideration.